HORRACE KNOX *v.* EXPORTERS' COTTON OIL COMPANY.

[56 South. 185.]

1. MASTER AND SERVANT. *Assumption of risk. Damages.*

> Where a declaration alleges that defendant was master and plaintiff
> his servant, and that defendant owed plaintiff the duty to furnish
> him a safe place to work, that it was plaintiff's duty to look after a
> seed conveyor, a dangerous piece of machinery, which it was defend-
> ant's duty to guard; that it consisted of a spiral screw revolving
> near the floor, around which cotton seed was dumped to be carried by
> the screw to another department; that plaintiff's duty was to see
> that the screw was not clogged and that in doing so he had to pass
> along and step over the screw, and that defendant knew that the
> screw was dangerous and required a guard, but failed to guard it,
> and while plaintiff was attending to the conveyor, the seed having
> been dumped on the end of it, struck plaintiff's leg and knocked it
> against the screw injuring him, and further alleging that had de-
> fendant protected the screw, plaintiff would not have been injured,
> and that defendant was negligent in not guarding it, and that such
> negligence was the proximate cause of the injury. *Held,* that the
> declaration stated sufficient facts to constitute a cause of action
> against the defendant.

2. SAME.

> Such a declaration was not demurrable on the ground that it showed
> that the danger from the unguarded screw was obvious and that
> plaintiff assumed the risk, nor because it did not allege that the
> seed were dumped against plaintiff by defendant or that defendant
> had failed in any duty in that respect.

APPEAL from the circuit court of Harrison county.
HON. T. H. BARRETT, Judge.

Suit by Horrace Knox against the Exporters' Cotton
Oil Company. From a judgment sustaining a demurrer
of defendant to plaintiff's declaration he appeals.

The facts are as follows:

The appellant, who was the plaintiff in the court be-
low, filed his declaration against the appellee as defend-
ant. The court sustained a demurrer to the declaration

and plaintiff appeals. The declaration and demurrer are as follows:

## DECLARATION.

"Plaintiff, Horace Knox, complains of the Exporters' Cotton Oil Company, defendant, a corporation organized under the laws of the state of Georgia, and doing business in the state of Mississippi, with its domicile in the city of Gulfport, Mississippi, in a plea of trespass on the case.

"For that, whereas, heretofore, to wit, on or about the 6th day of October, 1909, the said defendant corporation was engaged in the manufacture of cotton seed oil, and other cotton seed products, in the city of Gulfport, Harrison county, Mississippi, and, in the conduct of said business, the defendant owned and operated a large factory in said city; that, on the aforesaid date, plaintiff was hired by defendant by the day at the wage of one dollar and sixty cents per day and was then and there the servant of defendant, and defendant was then and there the master of plaintiff, and, as such, it was incumbent on said master, the defendant, to furnish plaintiff, the servant, with a reasonably safe place in which to work, which it failed to do, as hereinafter to be set out.

"That on said last-named date, as such servant of defendant, it was plaintiff's duty to attend to and look after a certain part of defendant's machinery in said plant, known as the seed conveyor, and, on said date, plaintiff was engaged in attending to and looking after said seed conveyor; that said seed conveyor is a very dangerous piece of machinery, and it was then and there the duty of defendant to have said seed conveyor sufficiently guarded, so as to make the place immediately around said seed conveyor a reasonably safe place in which to work; that, in the operation of said seed conveyor, the method by which the seed was conveyed by said conveyor was as follows: Said seed conveyor con-

99 Miss.—56

sisted of a spiral shaped screw about ——— feet long, which revolved on or near the floor of defendant's said plant; piles of cotton seed would be dumped by defendant on both sides of this screw, and said seeds would be taken up in the spiral like thread on this screw as they fell on said seed conveyor, and, by revolutions of said screw, said seeds, so taken up, would be carried along said screw a distance of ——— feet to another department; that it was plaintiff's duty, as aforesaid, to attend to this seed conveyor, and to see that the seeds did not clog said screw as they were carried along said screw by the revolutions thereof, and to see that the seeds fell on the end of said screw properly, so that they would be seized by said screw, and in order to do this work plaintiff had to go backwards and forwards along said screw, and from one side of the screw to the other, as the seeds were piled on both sides of said end of the screw, where they were seized by the screw; and in order to go from one side of said screw to the other, as aforesaid, in attending to this work, plaintiff had to step over the spiral screw that seized the seeds as they fell and conveyed them, as aforesaid.

"That the defendant knew that, in order to properly perform his work, plaintiff had to do this act of stepping over said screw and going bacward and forward along said screw, and that the defendant knew that said piece of machinery was dangerous and required a protecting guard in order to make it reasonably safe as a place around which to work, yet, notwithstanding, defendant failed to place any sort of guard around said screw; and on the date aforesaid plaintiff was busy attending to the screw of said seed conveyor, when the seed was dumped down on the end of said seed conveyor, where it was to be taken up by said screw, and struck the plaintiff and knocked his leg against the screw, causing the plaintiff to be greatly bruised, maimed, and crippled, and laid up for a period of two weeks; that, had the defendant

protected said revolving screw of said conveyor, as aforesaid, which was a very dangerous piece of machinery and required protecting by a guard, plaintiff would not have been injured, as aforesaid, as in that case his leg would have struck the guard, and not said screw.

"That defendant's negligence consisted in this: That said seed conveyor was dangerous machinery, and said defendant knew, or ought to have known by reasonable diligence, that it was dangerous machinery, and it was negligence in defendant not to protect said seed conveyor with a guard, so as to prevent any one from coming in contact with said screw, and that the failure of defendant properly to guard said screw of said seed conveyor was the proximate cause of plaintiff's injuries; that, at the time the plaintiff was injured, as aforesaid, he was working for defendant by the day, and was twenty-six years old, and was receiving one dollar and sixty cents per day for his work; that by reason of said injuries he was laid up for two weeks, under a doctor's treatment, and thereby incurred aa large doctor's bill; that said injuries, received, as aforesaid, through defendant's negligence, caused plaintiff to suffer great physical and mental pain, and that he continues to suffer therefrom, and is permanently injured, to his damage in the sum of two thousand dollars.

"Wherefore he brings this suit, and demands judgment against defendant in said sum of two thousand dollars."

## DEMURRER.

"Comes the defendant, Exporters' Cotton Oil Company, by its attorneys, and demurs to the declaration herein filed against it, and for causes of demurrer assigns the following causes and grounds of demurrer, to-wit:

"(1) The declaration does not state sufficient facts to constitute a cause of action against the defendant.

"(2)   It appears from the allegations of the defendant that the supposed unguarded condition of said screw or conveyor, and the supposed danger therefrom alleged in the declaratioon, was as open, obvious, and apparent to plaintiff as to defendant, and that the supposed danger therefrom was one of the risks assumed by the plaintiff in accepting said employment, and that the supposed injuries therefrom were and are not injuries for which defendant is liable to plaintiff.

"(3)   The supposed dangerous place to work, as alleged in the declaration, appears from the allegation thereof to have been open, obvious, and apparent to plaintiff when he accepted said employment, and at all times thereafter and at the time of receiving said supposed injuries, and dangers therefrom were risks assumed by him.

"(4)   It appears frrom the allegations of said declaration that said supposed injuries to plaintiff were proximately caused by seed dumped down on the end of said conveyor striking the plaintiff, and knocking his leg against said conveyor, whereby it is alleged he received said injuries; but said declaration does not allege that said seed were dumped against plaintiff by defendant, or that said act was negligently done by defendant, or that defendant had failed in any duty in that respect.

"(5)   Said declaration is otherwise indefinite, vague, uncertain, and insufficient, and for causes to be assigned at the hearing thereof.

"Wherefore, for want of a certain declaration in this behalf, the defendant prays judgment, and that the plaintiff may be barred from maintaining his aforesaid action in said declaration mentioned," etc.

*J. H. Mize,* for appellant.

As to the point that appellant's declaration was vague, indefinite and uncertain, we think that the declaration speaks for itself, in this; it sets out the kind of machine

that injured appellant, its dangerous character, and appellant's duties in connection with the machine, and minutely describes the danger and negligence complained of. We do not see how the declaration could have been more explicit and submit that this ground of demurrer was not well taken.

On the other point, that appellant assumed the risk, we submit that the authorities all show that this was a question for the jury.

In *Spoonick* v. *Backus-Brooks Co.*, 17 Am. Neg. Rep. (C. S.), 166, 89 Minn. 354, a sawmill case, there was a platform on which plaintiff had to work, and under the platform was gearing not covered. A stick which plaintiff was putting in position fell from his grasp and in attempting to seize it as it fell under the platform, his hand and arm were caught and badly injured by the gearing not covered. The defendant was held liable and the court said the question of risk was for the jury and judgment for plaintiff was affirmed.

In *Bredeson* v. *C. A. Smith Lumber Co.*, 15 Am. (S. C.) Neg. Rep. 348, a Minnesota case decided January, 1904, Minnesota report not at hand, plaintiff was at work in a sawmill and was knocked with a board which threw his foot into an unrailed hole in the floor and as he fell back, he tried to save himself and his wrist was caught on a partly protected saw and he was injured. *Held,* that he was not guilty of contributory negligence, and did not assume the risk, and verdict in his favor was affirmed.

To the same effect is the case of *Hansen* v. *Seattle Lumber Co.*, 19 Am. Neg. Rep., Current Series, 592, a Washington case decided in 1906; also, *Cobb Chocolate Co.* v. *Knudson*, 17th Am. Neg. Rep., Current Series, 167, an Illinois case decided in 1904, where plaintiff was injured on unguarded cog wheels, and judgment for plaintiff was affirmed.

In *Berg* v. *United States Leather Co.*, 18 Am. Neg. Rep., Current Series, p. 678, a Wisconsin case decided June, 1905, and very much in point, the court held that plaintiff, who was shoveling coal into a conveyor between which and him was an unprotected sprocket chain, did not assume the risk of injury from his clothing being caught by a sharp nail used to fasten the end links of the chain.

To the same effect in the case of *Dells Lumber Co.* v. *Erickson,* 1 Am. Neg. Rep., Current Series, p. 794, U. S. Circuit Court of Appeals, May 1907. Also, *American Car & Foundry Co.* v. *Clark,* 17 Am. Neg. 165, 32 Ind. App. 644, where plaintiff was hurt on an unguarded wood working machine, defendant was held liable.

In *Giebell* v. *Collins Co.,* 17 Am. Neg. Rep., Current Series, 165, where plaintiff had his fingers cut by an edger not properly guarded, a judgment for the plaintiff was affirmed, the court holding that plaintiff did not assume the risk.

In *Walker* v. *Grand Forks Lumber Co.,* 12 Am. Neg. Rep., Current Series, top. p. 102, 90 N. W. 573, where plaintiff, an oiler in a sawmill, had his foot injured by unguarded machinery, the court held: "That the question of defendant's negligence in failing to fully guard certain machinery in its sawmill in which plaintiff, an employee, was injured, and of the latter's contributory negligence or assumption of risk, were for the jury to pass on and determine.

To the same effect is the case of *Anderson* v. *Pacific National Lumber Co.,* 111 Pac. Rep. 337. Also, ———— v. *Cudahy Packing Co.,* 111 Pac. Rep. 440.

We think, from the foregoing authorities, it is clear that appellant did not assume the risk, and that the question should have been submitted to the jury.

It is a general rule that dangerous machinery must have guards, and, in the absence of guards, the servant

does not assume the risk. Thompson on Negligence, vol. 4, sec. 4017 *et seq.*

We therefore submit that this case should be reversed and remanded.

*Geo. P. Money,* for appellee, filed an extended brief, contending:

1st. That the declaration does not state a cause of action.

2nd. That the danger was obvious and that plaintiff assumed the risk.

3rd. That the declaration does not show that the seed were dumped against plaintiff by defendant or if so that it was the act of a fellow-servant.

Citing the following authorities: *Meyer* v. *King,* 72 Miss. 1; *McMurtry* v. *Ry. Co.,* 67 Miss. 601; *Truly* v. *Lumber Co.,* 83 Miss. 430, 36 So. 4; *Simms* v. *Forbes,* 86 Miss. 413, 38 So. 546; *Vicksburg Mfg. Co.* v. *Vaughn,* 27 So. 599; *Bell* v. *Refine Oil Mill Co.,* 77 Miss. 387, 27 So. 382; *Railroad Co.* v. *Price,* 870, 72 Miss. 870; 20 Enc. Law (2 Ed.), 117 citing many authorities in note 3; 20 Ency. Law (2 Ed.), p. 124-5; 20 Ency. Law, p. 118.

WHITFIELD, C.

The declaration in this case was good against demurrer. It seems to have been carefully drawn with that end in view. The defenses which are set up by the demurrer may or may not be sustained when the case is developed on its facts. But we think the court clearly erred in sustaining the demurrer and dismissing the suit.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein set out the judgment is reversed, the demurrer overruled, and the cause is remanded.